1
2
3
4
5

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| ADLEAN FRANCIS, | Case No. 13-cv-01482 NC |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT AFTER DISMISSAL WITH PREJUDICE** |
| v. | |
| WELLS FARGO BANK, N.A., | Re: Dkt. No. 28 |
| Defendant. | |

On June 14, 2013, Wells Fargo moved to dismiss all claims in the second amended complaint filed by pro se plaintiff Adlean Francis. Dkt. Nos. 20, 22. When Francis failed to respond to Wells Fargo's motion by the July 1, 2013 deadline as required by the local rules, the Court issued an order giving Francis until July 19, 2013 to file an opposition or a statement of nonopposition, and to show cause why this action should not be dismissed. Dkt. No. 26. The order explained that Francis's failure to respond will result in dismissal of this case with prejudice. *Id.* Francis did not respond to the motion to dismiss or the Court's order to show cause, and on July 23, 2013, the Court dismissed the case with prejudice and ordered the Clerk to terminate the case. Dkt. No. 27.

On July 31, 2013, Francis filed a document titled "Objection to Wells Fargo's Motion to Dismiss Plaintiffs' Complaint and Support for Objection." Dkt. No. 28. Instead of addressing the arguments made by Wells Fargo in support of the motion to dismiss, in this filing Francis requests leave to further amend the complaint to include additional allegations

based on alter ego liability and other theories of liability against Wells Fargo, and offers in support of her request eight pages of case citations as a "Non-exhaustive list of grounds for liability." *Id.* The filing further states that Francis did not receive Wells Fargo's motion to dismiss until Saturday, July 20, 2013, "which made it impossible for Plaintiff to respond or even make arrangements to attend the hearing." *Id.* at 2. The certificate of service attached to Wells Fargo's motion to dismiss shows that the motion was served on Francis on June 14, 2013. Dkt. No. 20 at 13. Francis does not explain why she did not receive the motion until more than a month later, or why she did not file a request for additional time to respond to the motion to dismiss or the Court's order to show cause. Francis also does not state any reason why she is entitled to relief from the Court's July 23 order. Accordingly, Francis's request for leave to amend the complaint is DENIED.

If Francis wishes to set aside the Court's July 23 order, she must comply with the requirements of Federal Rule of Civil Procedure 60(b). Rule 60(b) allows relief from a final judgment or order due to (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) where the judgment is void; (5) where the judgment has been satisfied, released or discharged; or it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Alternatively, Francis may appeal this Court's decision to the Ninth Circuit Court of Appeals. The Court's July 23 order dismissed all claims and terminated the case and is therefore "an order from which an appeal lies," under Federal Rule of Civil Procedure 54.

The Court reminds Francis that she may refer to the Court's Pro Se Handbook, available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or contact the Legal Help Center, which provides information and limited-scope legal advice to pro se litigants in civil cases.

//

Case No. 13-cv-01482 NC
ORDER DENYING REQUEST FOR
LEAVE TO AMEND COMPLAINT
2

1 | The Legal Help Center requires an appointment, which can be made by calling (415) 782-8982.

IT IS SO ORDERED.

Date: August 6, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 13-cv-01482 NC
ORDER DENYING REQUEST FOR
LEAVE TO AMEND COMPLAINT

3